UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RYAN A. CAMPBELL, | : | Case No. 3:13-cv-376 |
| | : | |
| Plaintiff, | : | Chief Magistrate Judge Sharon L. Ovington |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY FEES (Doc. 18)**

This Social Security disability benefits appeal is before the Court on Plaintiff's motion for attorney fees (Doc. 18) and the parties' responsive memoranda (Docs. 19, 20).

**I. BACKGROUND**

On March 18, 2015, this Court issued its Decision and Entry, determining that the Administrative Law Judge's (the "ALJ") non-disability finding was not supported by substantial evidence, and reversing and remanding the case for further proceedings. (Doc. 16).[1] However, judicial benefits were not awarded, as the Court determined that evidence of disability was not overwhelming, and that the evidence of a disability was not strong while contrary evidence weak. (*Id*. at 27).

---

[1] Specifically, while substantial evidence supported the ALJ's conclusion that Plaintiff did not meet Listing § 12.05C, the Court found that the ALJ's conclusion at Step 5 of the sequential evaluation – that Plaintiff can perform work that exists in significant numbers in the regional economy – was not supported by substantial evidence, as the ALJ failed to include all of Plaintiff's limitations in the hypothetical posed to the vocational expert ("VE"). (Doc. 16 at 21-27). Accordingly, the case was remanded for further proceedings consistent with the Court's Decision and Entry. (*Id*. at 28). Further, in light of the need for remand, the Court did not substantively address Plaintiff's remaining allegations of error. (*Id*. at 27, n6).

On April 8, 2015, Plaintiff's counsel timely filed the instant motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), seeking $5,365.00 for twenty-nine (29) hours billed in this case. (Doc. 18 at 8). Additionally, Plaintiff's reply includes a supplemental request for fees in the amount of $750, which were incurred defending the fee motion. (Doc. 20 at 9). The Commissioner opposes the motion, arguing that an award of EAJA fees should be denied because the Commissioner's position was substantially justified. (Doc. 19). Alternatively, the Commissioner argues that, if the Court is inclined to grant Plaintiff's motion, counsel's hours should be reduced "because the number of hours are unreasonable and contain hours of clerical work." (*Id*. at 2).

## II.  ANALYSIS

### A.  Substantial Justification

Pursuant to the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs … incurred by that party in any civil action … including proceedings for judicial review of agency action, brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A). "To recover attorney fees under the EAJA, a plaintiff must satisfy three conditions: (1) she must be a 'prevailing party'; (2) the Government's opposing position must have been without substantial justification; and (3) there must be no special circumstances that warrant denying relief." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014) (citing *Marshall v. Comm'r of Soc. Sec.,* 444 F.3d 837, 840 (6th Cir.2006)). In other words, attorney fees will not be awarded under the EAJA if "the court finds that the position of the United

2

States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The term 'substantially justified' is "satisfied if there is a 'genuine dispute,' … or 'if reasonable people could differ as to [the appropriateness of the contested action].'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations omitted). Notably, "[remand] alone is not a proper basis for the allowance of fees and expenses under the [EAJA] … because the finding that a denial of benefits was not supported by substantial evidence is not tantamount to a determination that the Commissioner's position lacked substantial justification." *DeLong*, 748 F.3d at 726 (quoting *Couch v. Sec'y of Health & Human Srvs.*, 749 F.2d 359, 360 (6th Cir. 1984) (*per curiam*)). Thus, "a position can be justified even though it is not correct, and … it can be substantially (*i.e.,* for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Underwood*, 487 U.S. at 566, n.2.

Here, the Commissioner argues that EAJA fees should be denied because the Commissioner's position was substantially justified. (Doc. 19). In support of this argument, the Commissioner asserts that this Court's Decision and Entry misconstrued the medical opinions cited and misinterpreted case law. (*Id.* at 6-12). Most notably, the Commissioner takes issue with this Court's reliance on the Sixth Circuit's decision in *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504 (6th Cir. 2010), which this Court found particularly instructive and on-point in the instant case. (*Id.* at 9-11). The Commissioner claims that *Ealy* is inapplicable, and, further, that the Court misstated the opinions of the Drs. Bonds and Collins in its determination that the ALJ failed to include all of Plaintiff's

3

limitations in the hypothetical question posed to the VE. (Doc. 19 at 6). The Court disagrees.[2]

As an initial matter, the Commissioner's position that "the opinions of Drs. Bonds and Collins, as well as the IEP, **do not recommend any mental restrictions regarding special supervision or multiple explanations of tasks**," is not only contradicted by the record, but conflicts with the Commissioner's own statements in her previously filed opposition to Plaintiff's Statement of Errors. (Doc. 19 at 6) (emphasis added). Indeed, as to Dr. Collins, the Commissioner almost immediately concedes that "Dr. Collins stated that Plaintiff was '**[m]oderately limited**' in his ability to sustain an ordinary routine **without special supervision**."[3] (*Id*.) (Emphasis added). The Commissioner also makes similar concessions regarding the IEP, stating that, with regard to tasks that require more than one step, "[t]he IEP noted that Plaintiff was capable of working alone but **needed monitoring to determine if he understood** … [and] **needed individualized instruction** in some classes." (*Id*. at 8) (emphasis added). Finally, as to Dr. Bonds, the Commissioner states in her opposition to the fee motion that "Dr. Bonds was silent as to whether Plaintiff had any limitations regarding supervision … [and] also did not opine that

---

[2] The Commissioner also argues that the Court's reversal and remand of this case was based upon "just one error … [which] supports the Commissioner's position being substantially justified." (Doc. 19 at 5). The Court finds this argument equally unavailing, as the number of errors bears no logical correlation to the appropriateness of the Government's position.

[3] The Commissioner attempts to dismiss Dr. Collins' opinion by stating that it was merely included in the twenty-question Section I worksheet rather than in the more detailed Section III summary. (Doc. 19 at 6). However, this very argument was, in effect, rejected by the Sixth Circuit in *Ealy*, which held that the ALJ erred by focusing only on Section III and failing to incorporate limitations referenced in Section I in its vocational hypothetical. *Ealy*, 594 F.3d at 516 ("even assuming … conclusions in Section III sufficiently incorporate all of the information that a vocational expert would need to make a legitimate assessment, the ALJ's hypothetical failed to provide the vocational expert with a fair summary of those conclusions").

4

Plaintiff needed multiple explanations regarding how to perform tasks and when to do the work." (*Id.* at 6).  However, the Commissioner previously stated the opposite in her response to Plaintiff's Statement of Errors, noting "Dr. Bonds opined that Plaintiff **was moderately impaired in his ability to understand, remember, and carry out instructions** … would have some **difficulties working at a competitive speed and performing multiple tasks** due to his limitations in maintaining concentration, persistence, and pace … [had] limitations in responding appropriately to work pressures … [and] would have **difficulty with demands for speed, accuracy, productivity, and handling multiple tasks** and frequent changes." (Doc. 13 at 3) (emphasis added).

Further, as set forth in the Decision and Entry, and contrary to the Commissioner's assertions, the Court finds that the facts of the instant case are in line with *Ealy*.  Thus, the Commissioner's position was not substantially justified to the extent that it diverged from established Sixth Circuit case law.  Additionally, the Commissioner's opposition to the fee motion, in substance, merely reiterates the arguments raised previously in opposition to Plaintiff's Statement of Errors, which this Court substantively addressed in its Decision and Entry.  Nevertheless, this Court reviewed its prior decision, the case law, and the record.  Again, the Court finds the Commissioner's position unavailing, and, having previously addressed the arguments on their merits, declines to revisit the issues substantively.

Based upon the foregoing, the Court finds that the Commissioner's position was not substantially justified as defined under the EAJA.

### B. Reasonableness of Rate, Hours, and Billing

Pursuant to the EAJA, the amount of the fees "shall be based upon prevailing market rates for the kind and quality of the services furnished," up to $125 per hour, "unless the court determines that an increase in the cost of living or a special factor … justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Tasks that require at least some legal knowledge to accomplish may be compensable under the EAJA, even if the tasks also involve clerical or secretarial work. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). Additionally, "[c]are must be taken so that compensation for tasks such as reviewing communications from the court, monitoring the docket, and filing briefs – work traditionally done by attorneys – not be denied." *Mohr v. Comm'r of Soc. Sec.*, No. 3:11cv2731, 2013 U.S. Dist. LEXIS 18728, at *4 (N.D. Ohio Feb. 12, 2013).

Here, the Commissioner argues that "Plaintiff has failed to meet his burden of proving that the fees he seeks are reasonable … [as he] seeks compensation for tasks that are not compensable under the EAJA, such as clerical tasks … [and fails to] exclude hours from the fee request that are excessive, redundant, or inadequately documented." (Doc. 19 at 12-13) (internal citations omitted).[4] Specifically, the Commissioner takes issue with 8.75 hours that counsel billed, which she claims, generally, were spent on clerical work. (*Id*. at 13-14). The Commissioner also notes that Plaintiff's counsel erroneously double-billed for a client meeting on March 20, 2015, resulting in an additional 0.5 hours. (*Id*. at 14). To resolve the alleged overbilling in its entirety, the

---

[4] The Commissioner does not dispute the reasonableness of counsel's billing rate of $185.00 per hour.

Commissioner asks the Court to discount counsel's billed hours at a fixed 20% reduction.[5]  (*Id.*)

As an initial matter, Plaintiff's counsel agrees that the duplicative billing was in error and should be corrected.[6]  (Doc. 20 at 9).  Therefore, the Court will strike the duplicative billing entered on March 20, 2015, thereby reducing counsel's time from 29 hours to 28.5 hours.  (Doc. 18, Ex. A).

In response to the Commissioner's remaining arguments regarding the reasonableness of his billing, Plaintiff's counsel asserts that the hours at issue were appropriately billed for preparatory work completed prior to filing, and reflect a reasonable number of hours spent drafting necessary pleadings.  (Doc. 20 at 7-8). Additionally, Plaintiff's counsel clarifies that his reference to "filing" in billing entries is not a charge for clerical work, but merely a notation of the final task required after drafting documents (*i.e.*, electronically filing the document through CM/ECF).  (*Id.* at 8). Moreover, counsel asserts that the time consumed by electronic filing is minimal and, therefore, the time billed accurately reflects compensable drafting and editing.  (*Id.*) Finally, Plaintiff's counsel states that the Commissioner, without basis, criticizes the

---

[5] Plaintiff's counsel billed a total of twenty-nine (29) hours of work.  (Doc. 18, Ex. A).  The 8.75 hours in dispute therefore amount to 30% of his billed time.  Thus, to the Commissioner's credit, the requested 20% reduction is less than the actual percentage of hours at issue.

[6] Plaintiff's counsel concedes that the duplicative billing was a clerical error, and states that "the Court should remove **1 hour** of the Plaintiff's time." (Doc. 20 at 9) (emphasis added).  The Court notes, however, that the error is resolved sufficiently by removing the duplicative 0.5 hour entry, and does not require reduction of the entire hour.  (Doc. 18, Ex. A).  Indeed, even the Commissioner asks that only the erroneous 0.5 hour entry be removed.  (Doc. 19 at 14).  Therefore, the Court will assume that Plaintiff's counsel intended to concede to reduction by 0.5 hours only.

7

amount of time billed for completing tasks and that the Commissioner fails to realistically account for the actual time necessary to prepare pleadings. (*Id.*) This Court agrees.[7]

Upon review, the Court finds that counsel's hourly rate, tasks billed, and time expended on this case, are appropriate and reasonable. This Court relies upon the representations of experienced counsel regarding their delegation of time and duties. Additionally, where, as here, Plaintiff's counsel has successfully represented his client and achieved a favorable outcome, the Court is generally disinclined to second-guess his judgment as to the time and effort required.

### C. Supplemental Request for Fees

The EAJA "provide[s] compensation for *all* aspects of fee litigation," including the time spent to prepare and defend the fee application. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 162 (1990) (emphasis in original). Here, Plaintiff's counsel asks that the Court supplement his billing with an additional four (4) hours to reflect the time spent drafting the reply in support of the fee motion. (Doc. 20 at 9).

The Court finds Plaintiff's supplemental request both appropriate and reasonable. Accordingly, counsel's billing shall be increased by four (4) hours.[8]

---

[7] While Plaintiff's counsel's position is well-taken, the Court does not condone the manner in which it was conveyed. The statements and tone in Plaintiff's reply brief go beyond zealous advocacy and are, quite frankly, discourteous and inappropriate. (*See, e.g.,* Doc. 20 at 8). The Court directs counsel's attention to the "Introductory Statement on Civility," contained in the Local Rules of this district, with which all attorneys admitted to practice before this Court are required to comply. Plaintiff's counsel should be mindful of this admonishment, as the Court will not tolerate any future discourteous behavior.

[8] In his motion for fees, Plaintiff's counsel requests a total of $5,365.00 for 29 hours of work, reflecting a rate of $185 per hour. (Doc. 18 at 8, ¶ 10). However, counsel's supplemental billing is calculated at an increased hourly rate of $187.50. (Doc. 20 at 11). Calculating the additional 4 hours at counsel's initial hourly rate merely reduces counsel's fee by $10.00 (*i.e.*, from $750.00 to $740.00). In order to maintain consistency, the Court finds that a minimal reduction to $185.00 per hour is appropriate.

## III.  CONCLUSION

Based upon the foregoing, Plaintiff's motion for attorney fees is **GRANTED**. (Doc. 18).  Plaintiff is **AWARDED** $6,012.50 in total fees.[9]  This award satisfies Plaintiff's claims for fees, expenses, and costs under 28 U.S.C. § 2412.[10]

**IT IS SO ORDERED**.

Date:  10/15/15                                          *s/ Sharon L. Ovington*
                                                         Sharon L. Ovington
                                                         Chief United States Magistrate Judge

---

[9] The total fee amount of $6,012.50 reflects Plaintiff's counsel's hourly rate of $185.00 multiplied by 32.5 hours.  The 32.5 hours accounts for counsel's initial billing of 29 hours, reduced by 0.5 hours to correct the duplicative March 20, 2015 entry, and increased by 4 hours for Plaintiff's request for supplemental fees.

[10] Any fees paid belong to Plaintiff rather than her attorney, and can be offset to satisfy pre-existing debt that Plaintiff owes to the United States.  *Astrue v. Ratliff*, 560 U.S. 586, 587-88 (2010).  However, if counsel for the parties can verify that Plaintiff does not owe any pre-existing debt subject to offset, the award shall be directed to Plaintiff's attorney pursuant to the EAJA assignment signed by Plaintiff and counsel.  (Doc. 18, Ex. F).